# WILLIAM B. R. STEPHENS

*v.*

# MARSHALL H. HOLMES.

MECHANIC'S LIEN—*whether it exists.* Where it was sought to establish and enforce a mechanic's lien for the amount due the petitioner for work done in moving a building from one lot to another, at the request of the

owner, the defendant in the petition raising the building up and placing posts under it, and the petitioner performing no other labor except in the moving of the building, it was *held*, that such a case was not embraced in the statute.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. Abner Smith, for the appellant.

Messrs. Willett & Herring, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was a petition in the Superior court of Cook county to establish and enforce a mechanic's lien.

The work done consisted in moving a building by the petitioner from one lot to another, at the request of the owner, the defendant in the petition, raising the building up and placing posts under it.

There was a demurrer to the petition, which was sustained by the court, and judgment rendered against the petitioner for the costs, from which he appeals.

The only question is, does the statute respecting mechanics' liens provide for such a case—is it embraced within its provisions?

It appears the sole business of the petitioner was that of moving buildings. His counsel take the ground that the mechanic's lien law is a remedial act, and must be liberally construed, to embrace this and other like cases.

The statute provides, by section 1, that any person who, by contract with the owner of a piece of land or town lot, shall furnish labor or materials for erecting or repairing any building on such land or lot, shall have a lien upon the whole tract of land or town lot, for the amount due to him for such labor or materials. R. S. 348, sec. 1.

We fail to see any allegation in the petition which can be construed as erecting or repairing a building. The building

22—64th Ill.

was moved a great distance, as is inferred from the time consumed in the work—seven entire days. It must have received more or less injury by the operation, but there is no averment that those injuries were repaired, or any repairs whatever done on it. To hold that moving a building is equivalent to erecting and repairing a building, would be giving to the statute a construction at variance with its terms and object.

In *Cook et al.* v. *Heald et al.* 21 Ill. 429, this court said this lien was statutory, in derogation of the common law, opposed to common right, and should be strictly construed. Courts are not justifiable in extending its provisions beyond the cases provided for in the act; and if they are not sufficiently comprehensive, the legislature alone can apply the correction. *Huntington* v. *Barton, post,* p. 502.

We know of no adjudicated cases where statutes of this kind have been extended beyond the terms employed in the statute.

We are well satisfied the case set forth in the petition is not embraced in the statute, and the demurrer was properly sustained.

The judgment is affirmed.

*Judgment affirmed.*